IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VITE TECHNOLOGIES, LLC<br><br>                Plaintiff,<br><br>      v.<br><br>DEPUY SYNTHES SALES, INC.<br><br>                Defendants. | Civil Action No. 14-14699<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vite Technologies, LLC ("VT"), by way of this Complaint for Patent Infringement ("Complaint") against the above-named Defendant DePuy Synthes Sales, Inc. ("DePuy Synthes Sales" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. Plaintiff VT is a limited liability company organized under the laws of the State of Delaware with a place of business at 1013 Centre Road, Suite 403S, Wilmington, Delaware, 19805.

3. On information and belief, Defendant DePuy Synthes Sales, Inc. is a corporation organized under the laws of the State of Massachusetts with its principal place of business at 325 Paramount Drive, Raynham, Massachusetts 02767, with a registered agent for service of process at CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts, 02110.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

1

5. On information and belief, DePuy Synthes Sales is subject to the jurisdiction of this Court by virtue of the fact that it is organized under the laws of the State of Massachusetts.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## THE PATENTS-IN-SUIT

7. On January 2, 2001, United States Patent No. 6,168,598 (the "'598 Patent"), entitled "SOFT TISSUE SECURING ANCHOR," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '598 Patent is attached as Exhibit A to this Complaint.

8. VT is the assignee and owner of the right, title and interest in and to the '598 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

9. On November 18, 2003, United States Patent No. 6,648,892 (the "'892 Patent"), entitled "SOFT TISSUE SECURING ANCHOR," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '892 Patent is attached as Exhibit B to this Complaint.

10. VT is the assignee and owner of the right, title and interest in and to the '892 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11. The '598 Patent and the '892 Patent are referred to collectively herein as the "Patents-in-Suit."

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,168,598

12. The allegations set forth in the foregoing paragraphs 1 through 11 are hereby realleged and incorporated herein by reference.

13. In violation of 35 U.S.C. § 271(a), DePuy Synthes Sales has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '598 Patent by making, using, offering for sale, selling, and importing products (the "Accused Instrumentalities") that practice the subject matter claimed in one or more claims of the '598 Patent, including but not limited to claim 57, in the United States, without the authority of VT. The Accused Instrumentalities include, but are not limited to the IMF and OBA Screw Anchors.

14. On or around April 9, 2013, counsel for Dr. Jeannette Martello sent a letter to Lynn Malinoski, Vice President, Chief Patent Counsel at Synthes, Inc. listing the '598 Patent. The letter stated: "We have carefully investigated Synthes' anchors and determined that the Synthes' IMF and OBA anchors (and potentially other anchors) include all of the elements recited in several of Dr. Martello's patents."

15. DePuy Synthes Sales has had actual knowledge of the '598 Patent and its infringement of the '598 Patent since at least receipt of the April 9, 2013 letter.

16. On information and belief, therefore, DePuy Synthes Sales's infringement of the '598 Patent is willful and deliberate, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285.

17. DePuy Synthes Sales is also inducing infringement of the '598 Patent under 35 U.S.C. § 271(b), since at least receipt of the April 9, 2013 letter, by actively aiding and abetting others (including its direct and indirect customers) whose sale, offer for sale, importation, and use of the Accused Instrumentalities constitutes direct infringement.  DePuy Synthes Sales has engaged in these actions with either the specific intent to cause infringement or with willful blindness to the infringement that it is causing.  For example, DePuy Synthes Sales' actions that actively induce its customers to directly infringe at least claim 57 of the '892 Patent include

advertising and selling the Accused Instrumentalities, providing user manuals regarding use of the Accused Instrumentalities, and providing technical support regarding the use of the Accused Instrumentalities, where the use of the Accused Instrumentalities during normal operation by DePuy Synthes Sales' customers infringe at least claim 57 of the '598 Patent.  For instance, DePuy Synthes Sales maintains a Technique Guide for the OBA anchor on its website at https://www.depuysynthes.com/json?amid=MEDIA_BIN_AJAX&mbid=150J7581&name=DSUSCMF08140169_OBA_TG.pdf and a Technique Guide for the IMF anchors at https://www.depuysynthes.com/json?amid=MEDIA_BIN_AJAX&mbid=150J3665&name=MXTGIMFScrwJ3665F.pdf.

18. DePuy Synthes Sales is also committing contributory infringement of the '598 Patent under 35 U.S.C. § 271(c) since at least receipt of the April 9, 2013 letter by importing and selling the Accused Instrumentalities to others, including but not limited to its customers, knowing and/or being willfully blind to the fact that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '598 Patent, and have no substantial non-infringing uses.   For example, the Accused Instrumentalities constitute a material part of the claimed invention at least because they contain all of the components of the surgical screw anchor as claimed in claim 57 of the '598 Patent.  The Accused Instrumentalities were made or especially adapted for use in an infringement of the '598 Patent and have no substantial non-infringing uses.

19. VT has been harmed by DePuy Synthes Sales' infringing activities.

**COUNT II – INFRINGEMENT OF U.S. Patent No. 6,648,892**

20. The allegations set forth in the foregoing paragraphs 1 through 11 are hereby realleged and incorporated herein by reference.

21.     In violation of 35 U.S.C. § 271(a), DePuy Synthes Sales has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '892 Patent by making, using, offering for sale, selling, and importing products (the "Accused Instrumentalities") that practice the subject matter claimed in one or more claims of the '892 Patent, including but not limited to claim 24, in the United States, without the authority of VT. The Accused Instrumentalities include, but are not limited to the IMF and OBA Screw Anchors.

22.     On or around April 9, 2013, counsel for Dr. Jeannette Martello sent a letter to Lynn Malinoski, Vice President, Chief Patent Counsel at Synthes, Inc. listing the '892 Patent. The letter stated: "We have carefully investigated Synthes' anchors and determined that the Synthes' IMF and OBA anchors (and potentially other anchors) include all of the elements recited in several of Dr. Martello's patents."

23.     DePuy Synthes Sales has had actual knowledge of the '892 Patent and its infringement of the '892 Patent since at least receipt of the April 9, 2013 letter.

24.     On information and belief, therefore, DePuy Synthes Sales's infringement of the '892 Patent is willful and deliberate, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and non-taxable costs under 35 U.S.C. § 285

25.     DePuy Synthes Sales is also inducing infringement of the '892 Patent under 35 U.S.C. § 271(b), since at least receipt of the April 9, 2013 letter, by actively aiding and abetting others (including its direct and indirect customers) whose sale, offer for sale, importation, and use of the Accused Instrumentalities constitutes direct infringement.  DePuy Synthes Sales has engaged in these actions with either the specific intent to cause infringement or with willful blindness to the infringement that it is causing.  For example, DePuy Synthes Sales' actions that actively induce its customers to directly infringe at least claim 24 of the '892 Patent include

advertising and selling the Accused Instrumentalities, providing user manuals regarding use of the Accused Instrumentalities, and providing technical support regarding the use of the Accused Instrumentalities, where the use of the Accused Instrumentalities during normal operation by DePuy Synthes Sales' customers infringe at least claim 24 of the '892 Patent.  For instance, DePuy Synthes Sales maintains a Technique Guide for the OBA anchor on its website at https://www.depuysynthes.com/json?amid=MEDIA_BIN_AJAX&mbid=150J7581&name=DSUSCMF08140169_OBA_TG.pdf and a Technique Guide for the IMF anchors at https://www.depuysynthes.com/json?amid=MEDIA_BIN_AJAX&mbid=150J3665&name=MXTGIMFScrwJ3665F.pdf.

26.  DePuy Synthes Sales is also committing contributory infringement of the '892 Patent under 35 U.S.C. § 271(c) since at least receipt of the April 9, 2013 letter by importing and selling the Accused Instrumentalities to others, including but not limited to its customers, knowing and/or being willfully blind to the fact that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '892 Patent, and have no substantial non-infringing uses.   For example, the Accused Instrumentalities constitute a material part of the claimed invention at least because they contain all of the components of the surgical screw anchor as claimed in claim 24 of the '892 Patent.  The Accused Instrumentalities were made or especially adapted for use in an infringement of the '892 Patent and have no substantial non-infringing uses.

27.  VT has been harmed by DePuy Synthes Sales' infringing activities.

## JURY DEMAND

VT demands a jury trial on all issues and claims so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** VT prays for judgment as follows:

a. An adjudication that DePuy Synthes Sales has infringed the Patents-in-Suit;

b. An award of damages to be paid by DePuy Synthes Sales adequate to compensate VT for past infringement of the Patents-in-Suit, and any continuing or future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including but not limited to those acts not presented at trial;

c. An order that DePuy Synthes Sales pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding VT attorney fees under 35 U.S.C. § 285; and

f. Such further relief at law and in equity as the Court may deem just and proper.

Dated: December 22, 2014                    Respectfully,

*/s/ Josh Gardner*
Josh Gardner (BBO #657347)
Nick Rosenberg (BBO #657887)
Gardner & Rosenberg P.C.
33 Mount Vernon St.
Boston, MA 02108
Tel: 857-225-2743
josh@gardnerrosenberg.com

*Attorneys for Plaintiff*
*Vite Technologies, LLC*